**UNITED STATES of America**

v.

**Dennis D. HILFIGER, Appellant.**

No. 06–2259.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 25, 2007.

Filed: Oct. 31, 2007.

Wayne P. Samuelson, Office of United States Attorney, Williamsport, PA, for United States of America.

Stephen C. Smith, Lock Haven, PA, for Appellant.

Before: FISHER, STAPLETON and COWEN, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

After Dennis Hilfiger pleaded guilty to one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e), the District Court imposed a sentence of 198 months and supervised release for life. Hilfiger appeals his sentence. He argues, first, that the District Court considered improper factors during sentencing, and second, that his sentence is unreasonable because it exceeds the mandatory minimum of 15 years (180 months). For the reasons set forth below, we will affirm the District Court's judgment of sentence.

### I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 2004, two separate law enforcement investigations converged upon Dennis Hilfiger. In the first investigation, authorities responded to an anonymous report regarding a video, distributed over the internet, that showed a man performing sexual acts near a sleeping child. The video was traced to Hilfiger. In the second investigation, a law enforcement officer posed as a 14–year–old girl and engaged in sexual discussions with Hilfiger in an online chat room. Hilfiger made plans to meet the supposed 14–year–old girl at a shopping mall, but when he arrived at the mall, he was arrested. Hilfiger subsequently admitted that the man and child in the video were himself and his grandson.

A grand jury returned a four-count indictment against Hilfiger, and he eventually pleaded guilty to the first count of sexual exploitation of a minor. Under the terms of his plea agreement, the government agreed not to make a specific recommendation as to the length of his sentence. At the sentencing hearing, the following exchange took place between the Court and the Assistant United States Attorney:

> The Court: ... So the question I have for you, recognizing that you're constrained by ... the plea agreement ..., is it the government's position, without articulating a specific sentence, that this Court should give a sentence in excess of the mandatory minimum? I don't think you're constrained insofar as that point.
>
> [Assistant United States Attorney:] Yes, that would be the government's position, quite frankly. And in all honesty, for the reasons that we've given and nothing more.

Before announcing Hilfiger's sentence, the Court noted:

> So with reference to the history and characteristics of the defendant prior to this offense, ... [criminal] conduct was virtually nil. However, we contrast that with the truly ugly facts as they relate to this case—appalling facts.... I have had all too frequently in my court offenders of your type, Mr. Hilfiger. That's probably not good for you. And I have a need to be consistent in the way that I sentence people. And, you know, you look like a poor soul when you stand in front of me, but you're the very image of a sexual predator.... And I wish I

had a high level of confidence the treatment was going to help you, but I'm not sure that I do.

The Court then sentenced Hilfiger to 198 months' imprisonment followed by supervised release for the rest of his life. Hilfiger brings this timely appeal challenging his sentence.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the sentencing court's factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir.2007) (en banc). However, we exercise plenary review over its interpretation of the Sentencing Guidelines. *Id.* We review the sentence imposed for reasonableness, *United States v. Cooper*, 437 F.3d 324, 326–27 (3d Cir.2006), asking "whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007).

## III.

■ Hilfiger attacks the District Court's inquiry and the Assistant United States Attorney's response regarding whether his sentence should be above the statutory minimum. He seems unable to decide upon which basis to attack the comment. First, he states that the comment did not violate the plea agreement; he says that it only indicates that the Court took impermissible factors into account when determining his sentence. But later in his brief, Hilfiger asks us to "remand ... with instructions that the sentencing court cannot ... unfairly ... rely on statements by the government in violation of [the] plea agreement." Regardless of which position Hilfiger takes, both arguments fail.

First, the Assistant United States Attorney's comment did not violate the plea agreement. The agreement stated that the government would not make a specific recommendation as to the length or type of sentence, and the government did not do so. The attorney merely responded to the Court's inquiry as to whether it was the government's general position that the sentence should be above the statutory minimum.

Second, the exchange between the Court and the Assistant United States Attorney does not demonstrate that the Court "unfairly took the government's position into ... consideration" in determining the sentence. At a sentencing hearing, the court "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed. R.Crim. Proc. 32(i)(1)(C). Thus, the Assistant United States Attorney's "comment on ... matters relating to an appropriate sentence" was not only permissible, but entirely appropriate. *Id.*

■ Hilfiger next alleges that the District Court inappropriately interjected its own feelings into the sentencing. However, the District Court's reference to its experience in criminal sentencing is not legal error. The Supreme Court has recognized the "substantial deference" given to district courts precisely because of their "vantage point and day-to-day experience in criminal sentencing." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Furthermore, 18 U.S.C. § 3553(a)(6) directs district courts "to avoid unwarranted sentencing disparities." Contrary to Hilfiger's argument, the District Court's comments are evidence that it was appropriately taking the relevant factors into account and relying on its own experience when it decided his sentence.

■ Finally, Hilfiger states that his sentence is unreasonable because it exceeds the 15–year statutory minimum, which he says is "sufficient punishment." This statement could be construed as an argu-

ment based on 18 U.S.C. § 3553(a), which directs that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with" the purposes of the statute. If this is Hilfiger's argument, it is unavailing, since we have held "that district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary." *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir.2006).

In addition, as we have discussed, the transcript of the sentencing hearing shows that the District Court correctly articulated and relied on the § 3553(a) sentencing factors. The Court noted that the facts of the case were, in its opinion, "truly ugly" and "appalling." (J.A. 38.) It was not an abuse of the Court's discretion to impose a sentence above the statutory minimum.

### IV.

For the reasons set forth above, we will affirm the District Court's judgment of sentence.